UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CYNTHIA STATEN | CIVIL ACTION NO. 19-cv-0143 |
| VERSUS | JUDGE FOOTE |
| RICARDO GUARDIOLA, ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Cynthia Staten ("Plaintiff"), who was a passenger in a pickup truck, was injured in a two-vehicle accident. On October 30, 2018, she filed suit in state court against the driver of the other vehicle, his employer, and his insurer. Allied World Assurance Company, the insurer, removed the case based on diversity jurisdiction and specifically alleged in its answer that the accident was caused by the comparative fault of Plaintiff or the driver of the pickup truck in which she was a passenger.

Plaintiff responded by filing a Motion for Leave to Amend Complaint (Doc. 15) to add as a defendant James Grayson, who was the driver of the pickup truck in which she was riding. Defendants argue that leave should be denied because Plaintiff is attempting to destroy diversity jurisdiction. For the reasons that follow, it is recommended that Plaintiff's motion be granted and that this civil action be remanded to state court.

### <u>Hensgens</u> and the Proposed Amendment

If after removal a plaintiff seeks to join a new defendant whose joinder would destroy subject matter jurisdiction, the court may (1) deny joinder or (2) permit joinder and

remand the case. 28 U.S.C. § 1447(e). The court's decision of the issue is guided by the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). See also Cobb v. Delta Exports, Inc., 186 F.3d 675, 678-79 (5th Cir. 1999). Although leave to amend is ordinarily freely granted, Hensgens instructs that when a district court is faced with an amendment that adds a non-diverse party it "should scrutinize that amendment more closely than an ordinary amendment." Id. at 1182.

The court must balance the defendant's interests in maintaining the federal forum with the competing interest of not having parallel lawsuits. Factors to be considered include (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. Hensgens, 833 F.2d at 1182; Hawthorne Land Co. v. Occidental Chemical Corp., 431 F.3d 221, 227 (5th Cir. 2005).

**Relevant Facts**

Plaintiff alleged in her state court petition that she was a passenger in a Chevrolet Silverado being driven by James Grayson. The pickup was traveling westbound on I-20 in the right lane when Ricardo Guardiola, who was driving a Peterbilt tractor in the left lane, abruptly changed lanes and struck the driver's side of Mr. Grayson's pickup. Plaintiff alleged that Mr. Guardiola, who later pleaded guilty to improper passing, was negligent in causing the accident. Plaintiff named as defendants Mr. Guardiola, his employer (Lindamood Demolition Inc.), and his liability insurer (Allied World). She did not sue Mr. Grayson.

Allied World removed the case on February 5, 2019 based on an assertion of diversity jurisdiction. Plaintiff is a citizen of Louisiana, and the other defendants are citizens of Delaware or Texas, and Plaintiff's counsel had advised that Plaintiff's damages exceed $75,000.

Mr. Guardiola and his employer filed an answer that included a standard affirmative defense that "contributory and/or comparative negligence of the plaintiff unnamed and parties (sic) as an absolute bar in reduction of any recovery herein." The answer also asserted that if the court were to find that the fault of any other person, whether a party or not, contributed to the accident, then the liability of the named defendants should be proportionally reduced by the percentage of negligence attributed to that person. Doc. 7, First Affirmative Defense and ¶ 22.

Allied World later filed a separate answer (Doc. 10) and was more specific about its allegation of third-party fault. Its First Defense (with emphasis added) asserted:

> The alleged damages of the Plaintiff, if any, were not caused by any fault, negligence, liability attributable to Defendant, Allied World, but instead were caused solely and proximately through the negligence and/or comparative negligence of Plaintiff and/or of **the driver of the vehicle in which Plaintiff was a passenger**, a third-party for whom Defendant is not responsible, including, but not limited to, the acts of negligence listed below and others to be shown at the time of trial:
>
> a) failing to exercise reasonable care under the circumstances prevailing at the time of the accident;
>
> b) failing to take proper precautions to avoid the accident and her alleged injuries;
>
> c) failing to do any act by which the accident made the basis of this lawsuit could have been avoided;

Page 3 of 11

    d) failing to act as a reasonable and prudent person would act under the same or similar circumstances;

    e) failing to be attentive to her surroundings and to act in a prudent and cautious manner for the protection of life and limb;

    f) failing to keep a proper lookout;

    g) failing to see what should have been seen;

    h) failing to take the last clear chance to avoid the accident;

    i) misuse and/or abuse of a motor vehicle; and

    j) any and all other acts and/or omissions constituting negligence and/or fault and/or liability which may be shown at the trial of this matter.

Allied World repeated in its Second Defense that it pleads the defense of comparative negligence.

    Nineteen days after Allied World filed its answer, Plaintiff filed her motion to amend and add Mr. Grayson as a defendant. Mr. Grayson, like Plaintiff, is a Louisiana citizen, so his addition would destroy diversity jurisdiction and require remand.

**Hensgens Analysis**

    **A. Has Plaintiff been dilatory?**

    Plaintiff filed suit on October 30, 2018, the case was removed in February 2019, and Plaintiff moved to amend less than 20 days after Allied World filed its answer in February 2019. The court had just set a scheduling conference a few days before Plaintiff moved to amend, and that was deferred pending resolution of this motion. The request for leave to amend came in the early days of the litigation, well before a scheduling order had issued to even set a deadline for the amendment of pleadings. The court almost always

grants leave to amend when the request is made before the scheduling order deadline, so Plaintiff was not at all dilatory in the ordinary sense.

Defendants argue that Plaintiff was nonetheless dilatory because she knew the identity of Mr. Grayson from the time she filed suit, giving her no excuse not to have named him in her state court petition if she believed him to be at fault. Plaintiff admits that she knew Mr. Grayson's identity, but she intentionally did not sue him until the defendants began asserting, after the case was removed, that they believed Mr. Grayson was at fault. These issues relate more to Plaintiff's intent, which will be discussed below.

**B. To what extent is the purpose of the amendment to defeat federal jurisdiction?**

Defendants argue (Doc. 17, pg. 3) that "the purpose of Plaintiff's proposed amendment is clearly to defeat diversity" because Mr. Grayson was driving the vehicle in which she was a passenger at the time of the accident. Plaintiff therefore knew Grayson's identity and the role he played in the collision since the moment it happened. Despite that, she chose not to name him as a defendant in her state court petition. It was only after the case was removed that she sought leave to add the diversity-destroying Mr. Grayson.

Plaintiff responds (Doc. 20) that she did not sue Mr. Grayson originally because she believed he was operating his vehicle properly at all times, and Mr. Guardiola was solely at fault for the accident. She states that she "did not name Mr. Grayson as defendant because, in Ms. Staten's view, Mr. Grayson was not negligent and is not a viable defendant." Counsel for Plaintiff states that he moved to amend only after Defendants filed

their answers and alleged that they believed Mr. Grayson was at fault and that the fault should reduce Plaintiff's recovery.

Louisiana Civil Code Article 2323(A) provides that the percentage of fault of all persons causing or contributing to an accident shall be determined, regardless of whether the person is a party to the action or a non-party. Dumas v. State ex rel. Dept. of Culture, Recreation & Tourism, 828 So.2d 530 (La. 2002) (fault had to be attributed to both defendant whose pothole caused accident and non-party healthcare providers who treated the plaintiff). Defendants often assert that other persons should share fault for an accident because Civil Code Article 2324 provides that a joint tortfeasor is not liable for more than his degree of fault. Each tortfeasor is liable only for his own share of the fault. Dumas, 828 So.2d at 537.

Plaintiff states that "she has not moved to add Mr. Grayson because she wants to defeat the jurisdiction of this Honorable Court, she has moved to add Mr. Grayson because, based on defendants' answers, there is evidence Mr. Grayson is at fault." And, under applicable law, Mr. Grayson's percentage of fault would reduce Plaintiff's recovery of the full amount of her damages.

Plaintiff's lack of intent to destroy diversity is evidenced by her offer to drop her motion to add Mr. Grayson if Defendants will merely stipulate that Grayson is not at fault. Plaintiff's counsel offered:

> Would defendants be willing to stipulate that Mr. Grayson is NOT at fault? If so, this would render the amendment unnecessary to protect Ms. Staten's right to a full recovery and this case could remain in federal court. However, in view of the allegations in defendants' Answers, plaintiff infers that no such stipulation will be offered.

Page 6 of 11

Plaintiff was right. Defendants filed a sur-reply (Doc. 21) but did not mention Plaintiff's offer to resolve the issue by stipulation. Instead, they contended (incorrectly) that they have not asserted that Mr. Grayson was at fault. In responding to Plaintiff's contention that the move to amend was brought on by their claims that Grayson was a cause of the accident, Defendants represented:

> Simply put, Plaintiff's assertion is incorrect. Nowhere in Allied World's Answer is Mr. Grayson's name even mentioned, much less is it specifically alleged that he was the sole cause of the accident. While Defendants reserved the right to assert comparative fault as an affirmative defense in their respective Answers (R. Docs. 7, 10), **no Defendant in this case thus far has expressly alleged that Mr. Grayson specifically bears any fault for this accident**. Plaintiff qualifies her explanation by stating that Defendants must have evidence that Mr. Grayson is at fault. However, this is a baseless assertion that is pure speculation on Plaintiff's part. (Emphasis added)

Allied World is correct that its answer does not mention Mr. Grayson's name, but it is wrong when it contends that its answer did not specifically allege that Grayson was at fault for the accident. Allied World's first defense alleges that Plaintiff's damages were not caused by any fault attributable to Allied World, "but instead were caused **solely and proximately** through the negligence and/or comparative negligence of Plaintiff and/or of the **driver of the vehicle in which Plaintiff was a passenger**. . ." (emphasis added). That driver was Mr. Grayson. Accordingly, Allied World's representations in its sur-reply are incorrect.

Defendants argue that, even if they had named Grayson in their answers, the court should consider that Plaintiff knew Grayson's identity at the time of the incident. See Precht v. Columbia Gulf Transmission, LLC, 2018 WL 5544508, *3 (W.D. La. 2018)

("when the plaintiff knew the nondiverse defendant's identity when the lawsuit was originally filed in state court but did not name him as a defendant, this suggests that the motion to amend was intended to frustrate diversity jurisdiction"). Plaintiff has more than adequately explained why, even though she knew Grayson's identity all along, she did not name him as a defendant in her original petition. The fact that she knew his identity before removal, often an important factor in Hensgens contests, is of little weight, if any, in the circumstances of this case.

Plaintiff's counsel has been candid and forthright about the reasons for his proposed amendment to add Mr. Grayson, and his reasoning is sound. He has even offered to drop the addition of Mr. Grayson if the defendants will simply agree that they will not attempt to reduce Plaintiff's recovery by arguing that Mr. Grayson should bear a percentage of fault. A boilerplate list of affirmative defenses that included non-party fault defense might not warrant the addition of Mr. Grayson, but Allied World has been very specific in its allegation that it believes Mr. Grayson was at fault (perhaps even solely at fault) for the accident. These facts do not suggest that Plaintiff acted with an intent to destroy diversity jurisdiction. Rather, her counsel was motivated by a good faith effort to preserve her right to a full recovery of compensation for the damages she suffered in the accident.

**C. Will Plaintiff be significantly injured absent the amendment?**

If the court denies Plaintiff leave to add Mr. Grayson as a defendant, the defendants will be able to point to an empty chair at trial and ask the jury to assign a percentage of fault to that person, who is not participating in the trial, and reduce Plaintiff's recovery by that percentage. If the court allows the amendment, the case will have to be remanded, but

Mr. Grayson (and presumably his insurer) will be there to defend the allegations against him and answer in damages for any percentage of fault assigned to him. Accordingly, Ms. Staten will face potential prejudice or injury if she is not permitted to amend her complaint in these circumstances, where a defendant has specifically alleged that Mr. Grayson should bear a percentage of fault.

Defendants argue that Plaintiff would not be prejudiced because her attempt to sue Mr. Grayson is barred by prescription. The accident happened in November 2017, suit was filed against the original defendants in October 2018, and it is now more than one year since suit was filed. Defendants argue that because Louisiana's one-year prescriptive period for torts has passed, the claim against Mr. Grayson is untimely. But Louisiana Civil Code Art. 2324(C) provides: "Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." Plaintiff's amendment to add Mr. Grayson arguably falls under that exception and preserves the claim. The court certainly cannot say that the claim against Grayson is untimely on its face.

### D. Analysis and Conclusion

<u>Hensgens</u> requires the court to balance the defendants' interest in maintaining this federal forum with Plaintiff's competing interest of not having parallel lawsuits. It is an exercise of discretion that is guided by the factors discussed above.

Plaintiff was not dilatory in seeking the proposed amendment, which weighs in her favor. The next factor is the extent to which Plaintiff's intent was to destroy jurisdiction. The facts discussed above persuade the undersigned that it is not Plaintiff's intent to destroy diversity by adding Mr. Grayson. Plaintiff states convincingly that she did not and does

not want to sue Mr. Grayson, and she is doing so only because she feels her hand is forced by Allied World's comparative fault defense. Her willingness to reach a stipulation that would avoid the need to add Mr. Grayson lends further support to that conclusion.

The final factor is whether Plaintiff will be significantly injured if leave to amend is denied. The court believes that Plaintiff will face realistic prejudice, given the specific assertion of comparative fault, if Grayson is not added as a defendant. Defendants triggered the motion for leave to amend when they asserted comparative fault by Mr. Grayson. They now refuse to stipulate that he was not at fault and even deny—contrary to the face of their own pleadings—that they have asserted such a defense. After considering all of the arguments and relevant factors, the undersigned believes that the best exercise of the court's discretion under these circumstances is to grant Plaintiff leave to amend and remand this case to state court.

Accordingly,

It is recommended that Plaintiff's Motion for Leave to File Amended Complaint (Doc. 15) be granted and that this civil action be remanded to the 2nd Judicial District Court, Parish of Bienville, where it was pending as case #44-979.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of April, 2019.

*[signature: MJH]*

Mark L. Hornsby
U.S. Magistrate Judge